JUDGE PETERS
delivered the opinion op the court:
The county court of Nelson county, on the application of appellee, established a private passway, for his benefit, over the lands of appellant, from which judgment they appealed to *338 the Nelson circuit court, and, that court having affirmed the judgment of the county court, they have brought the case to this court.
Numerous objections are taken to the proceedings, by appellants’ counsel, commencing with the order appointing the viewers, and closing with the final judgment. But, as we are of opinion that none of the objections are available, except that one which relates to the order of the county court awarding the writ of ad quod damnum, that alone will be noticed.
Section 7, art. 1, chap. 84, 287, vol. 2, Rev. Statutes provides that a writ of ad quod damnum shall be awarded, if desired by any proprietor or tenant, or ii the court see cause for awarding the same. Such writ shall command the proper officer to summon and impannel a jury of free-holders of the county, not related to either party, and not residing within one mile of the prdposed road, to meet on the lands of the proprietors and tenants, over which it is proposed for the road, or the alteration in the road, to run, at a certain time and place, of which notice shall be given them by the officer.
This section is, by statute, made to apply to passways as well as to roads, &c. (Page 299, 2 vol. Rev. Statutes.)
The phrase,“ata certain time,” as expressed iffithe sec. supra, certainly means a definite time, a particular day, to be named in the writ on which the jury.is to be summoned to hold the inquest; which day should be named in the order of the county court when the writ is awarded.
The writ which issued in this case fails to name the day -on which the jury shall meet. At that point there is a blank; and it is left entirely to the discretion of the officer, charged with the execution of it, to determine when the inquest shall be ¿held. This, we think, was not the design of the Legislature.
This court, in the case of Irvin & Taul vs.Scobee, (3 Mon., 50,) Shffid, in a proceeding to obtain leave to erect a mill and dam ,on.a water course, that the order awarding the writ of ad quod idamnum was not sufficient, because the day on which the in- , quest was to be held was not named. The language of the . statute, under which the proceedings in that case were had, in relation to awarding the writ of ad quod damnum, differs some *339 what from the language, in relation thereto, of the statute regulating the proceedings in this case — being more explicit in the former than in the latter statute — but they both, as we understand them, require the day on which the inquest shall be held to be inserted in the writ, and a failure to do so is a fatal error, as was held in the case supra.
Wherefore, the order and judgment of the circuit court is reversed and cause remanded, with directions to reverse the order of the county court establishing said passway.